NIRO, HALLER & NIRO
Raymond P. Niro (*Pro Hac Vice admitted*)
rniro@nshn.com
Arthur A. Gasey (*Pro Hac Vice admitted*)
gasey@nshn.com
Paul C. Gibbons (*Pro Hac Vice admitted*)
gibbons@nshn.com
Kara L. Szpondowski (*Pro Hac Vice admitted*)
szpondowski@nshn.com
Daniel R. Ferri (*Pro Hac Vice admitted*)
dferri@nshn.com
Gabriel I. Opatken (*Pro Hac Vice admitted*)
gopatken@nshn.com
181 West Madison, Suite 4600
Chicago, IL 60602-4515
Telephone: (312) 236-0733
Facsimile:  (312) 236-3137

KNEAFSEY & FRIEND LLP
Sean M. Kneafsey (SBN 180863)
skneafsey@kneafseyfriend.com
800 Wilshire Blvd. Ste. 710
Los Angeles, California 90017
Telephone: (213) 892-1200
Facsimile:  (213) 892-1208

Attorneys for Plaintiff
Oplus Technologies, Ltd.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| OPLUS TECHNOLOGIES, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION; VIZIO, INC.,<br><br>Defendants. | CASE NO.: CV12-5707 MRP (Ex)<br><br>Hon. Judge Mariana R. Pfaelzer<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1. **GOOD CAUSE; LIMITATIONS**

1.1  Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, development, commercial, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted.  Accordingly, the parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1.2  The parties believe that good cause exists for the entry of this Order because Protected Material (as defined below) constitutes trade-secret or other confidential or proprietary information, the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party.

1.3  Protected Material designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

1.4  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery.  Designations of confidentiality shall be made with care and shall not be made absent a good faith belief that the Protected Material satisfies the criteria set forth below for each category.

## 2. **DEFINITIONS**

2.1  Party: any party to this action, including all of its officers, directors, and employees.

2.2  Disclosure or Discovery Material: all items or information, including items or information from a non-party, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony,

transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

  2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things concerning a person's business operations, processes, financial, and technical and development information, which a party would not disclose without confidentiality protection in the ordinary course of that party's business that a Producing Party believes in good faith can be disclosed to select employees of a Receiving Party (as described in paragraph 7.5 below) solely for purposes of this litigation, but which must be protected from widespread dissemination or disclosure to non-parties as set forth herein.

  2.4 <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential" Information (as defined above) that a Producing Party believes in good faith (a) creates a substantial risk of harm to the Producing Party if disclosed to a Receiving Party; (b) is required to be kept confidential to protect the privacy interests of an individual; or (c) is subject to an express obligation of confidentiality owed by the Producing Party to a third party.

  2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

  2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

  2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery or subpoena as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

  2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

  2.9 <u>Outside Counsel</u>: attorneys of the law firms of Niro Haller & Niro, Kneafsey & Friend LLP, Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP,

and Lee Tran & Liang LLP who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  In-House Counsel: attorneys who are employees of a Party.

2.11  Counsel (without qualifier): Outside Counsel and In-House Counsel.

2.12  Expert: a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who has been approved to receive Protected Material in accordance with paragraph 7.7 below.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14  Patents-in-Suit: U.S. Patents Nos. 6,239,842 and 7,271,840, which are asserted in the present lawsuit.

3.  **SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reasonably be expected to reveal Protected Material. Nothing in this paragraph shall be construed to prejudice either Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

4.  **DURATION**

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and

exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (other than transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, that the transcript or portions thereof be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or advise the opposing Party and the stenographer and videographer in writing, within ten (10) business days after receipt of the deposition transcript, that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." All deposition testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until ten (10) business days after receipt of the deposition transcript.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If any items produced in a non-paper medium are printed by the Receiving Party, the Receiving Party must immediately mark each page of the printed version with the confidentiality designation of the media.

5.3 <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information, testimony or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material.  Upon discovering the inadvertent failure, the Designating Party must promptly notify the Receiving Party in writing of the inadvertent failure to designate and take steps necessary to replace the documents with appropriate legends or otherwise designate the materials as set forth above.  Upon receipt of this written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated

in accordance with the provisions of this Order, including retrieving any copies that may have been distributed to unauthorized individuals and destroying any copies of documents that have been replaced with the proper designation.

    5.4    <u>Materials That are Mistakenly Designated:</u> If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    6.    **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

    6.1    At any time in these proceedings following the production or designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," counsel for a Party may challenge such designation in accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4.

The burden of persuasion in any such challenge shall at all times be on the Producing Party.  Until the Court rules on the challenge, all parties shall continue to afford the material that is the subject of the challenge the level of protection to which it is entitled under the Designating Party's designation.

    7.    **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

    7.1    <u>Basic Principles</u>.  All Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

    7.2    <u>Secure Storage</u>:  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3. <u>Legal Advice Based on Protected Material</u>: Nothing in this Order shall be construed to prevent Counsel from advising their client with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

7.4 <u>Limitations</u>: Nothing in this Order shall restrict a Producing Party's use or disclosure of its own Confidential or Highly Confidential Information, nor the use or disclosure of information by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) with the consent of the Producing Party; or (d) pursuant to Order of the Court.

7.5 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Persons entitled to access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items pursuant to paragraph 7.6 (a) through (g) below; and

(b) for Plaintiff and Defendant, one additional officer or employee (who may be In-House Counsel) to whom disclosure is reasonably necessary for this litigation, and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.6 <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel in this action, including Outside Counsel's support staff such as paralegals, technology specialists, and secretaries;

(b) two In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation, including their paralegals and secretaries, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

In the event In-House Counsel initially designated under this Order is no longer employed by a Receiving Party or is otherwise unavailable, a Receiving Party may, with notice to all Parties, identify another In-House Counsel to receive "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information under this paragraph, provided that such In-House Counsel complies with the requirements of this paragraph.

Within ten (10) business days of receipt of notice identifying either initially or subsequently designated In-House Counsel, the party receiving such notice may object in writing to the identified In-House Counsel for good cause. Any such objection must be made in accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4, and the objecting party shall at all times have the burden of showing that good cause exists to prevent the disclosure of Protected Material to the identified In-House Counsel. If relief is sought, Protected Material shall not be disclosed to the In-House Counsel in question until the objection is resolved by the Court. In the absence of an objection at the end of the ten day period, the person shall be deemed approved under this Order.

(c) experts or consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation who have been approved in accordance with paragraph 7.7 below, and their administrative support staff if any;

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors such as graphics services or jury consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Jury research participants hired by jury consultants may be told or shown Protected Materials or information provided: (1) they are not be affiliated with

any Party or its direct competitor, (2) are not themselves given custody of any copies, summaries, or excerpts of Protected Material or permitted to remove any notes taken during the exercise from the research facility; and (3) agree in writing to be bound by confidentiality;

(f) only during their depositions or testimony at trial, (1) a current or former officer, director, or employee of the Producing Party or original source of the information, (2) any person selected by a Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and (3) as to documents produced by a named inventor or previous owner of any of the Patents-in-Suit only, a current or former officer, director, employee, or 30(b)(6) designee of Plaintiff.  Persons authorized to view Protected Material under this sub-paragraph (f) shall not retain or be given copies of any Protected Materials.

(g) a person who appears on the face of the document to be the author, addressee, or recipient of the document or the original source of the information. Persons authorized to view Protected Material under this sub-paragraph (g) shall not retain or be given copies of any Protected Materials.

(h) Outside Counsel for any Receiving Party may request that any Protected Material designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" be shown to individuals not otherwise approved to receive such information under this Protective Order by specifying the Bates range of the documents and identifying the basis of the need for such disclosure.  The Receiving Party and Designating Party shall enter into good faith discussions directed to approving such disclosure and/or agreeing to an appropriately redacted version which may be disclosed while still satisfying the need specified by the Receiving Party.  If the Parties are unable to reach agreement, the Receiving Party may move the Court for approval to make the disclosure.

### 7.7 Experts and Consultants

(a) Prior to disclosing any Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; (iv) a listing of all cases in which the person has served as a testifying expert over the past ten (10) years, including an identification of the party for which he or she provided expert services; (v) a listing of all consulting projects undertaken by the expert or consultant within the last five (5) years on the subjects of televisions or television components; and (vi) an executed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A). Notwithstanding the foregoing, if any of the information required under subpart (v) of this provision is subject to a confidentiality obligation between the outside expert or consultant on the one hand and a third-party on the other hand, then the a outside expert or consultant shall disclose that a confidential relationship exists and provide whatever information can be disclosed without violating any confidentiality agreements. The Parties agree to meet and confer in good faith to resolve any disputes before seeking relief from the Court.

(b) Within ten (10) business days of receipt of this information, the party receiving such notice may object in writing to the proposed outside expert or consultant for good cause.  Any such objection must be made in accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4, and the objecting party shall at all times have the burden of showing that good cause exists to prevent the disclosure of Protected Material to the identified expert or consultant.  If relief is sought, Protected Material shall not be disclosed to the expert or consultant in question until the objection is resolved by the Court.  In the absence of an objection at the end of the ten day period, the person shall be deemed approved under this Order.

(c) For purposes of this section, "good cause" shall be an objectively reasonable concern that the third party will, advertently or inadvertently, use or disclose Protected Material outside of this litigation. Experts or consultants authorized to receive Protected Material under this section shall not be a current officer, director, or employee of a Party or of a Party's competitor, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a Party's competitor.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If any party or person that has obtained any Protected Material under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information, such person shall promptly notify the Designating Party of the service of the subpoena. The person receiving the subpoena shall not produce any confidential information in response to the subpoena without either the prior written consent of the Designating Party or an order of a court of competent jurisdiction. However, the Designating Party shall have the burden of seeking a court order relieving the subpoenaed party of the obligations of the subpoena.

## 9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

10. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

If a Producing Party inadvertently produces a document that it later discovers or in good faith asserts to be a privileged document or a document protected from disclosure by the work-product doctrine, the production of that document shall not be deemed to constitute a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided, if discovered by the Producing Party, the Producing Party must notify the Receiving Party in writing promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned to the Producing Party or destroyed within 5 days after such notice.

In the event documents are returned to the Producing Party pursuant to the above paragraph, the Producing Party shall maintain the referenced documents until the parties resolve any dispute concerning the privileged nature of such documents or the Court rules on any motion to compel such documents.  If a dispute arises concerning the privileged nature of the document(s) destroyed or returned, the parties shall meet and confer in good faith in an effort to resolve the dispute.  If the parties are unable to resolve the dispute, the Receiving Party may file a motion to compel the production of such document(s) in accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4.  In the event of such a motion to compel, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity. However, in no case will the return or destruction of any demanded document be delayed or refused by reason of a party's objection to the demand or by the filing of a

motion to compel, nor may a party assert the fact of the inadvertent production as a ground for any such motion.  The parties further agree that the Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition, at hearing or at trial or in any Court filing, unless and until such a motion to compel that document is granted by the Court, except as such information may appear in any applicable privilege log.

In addition, the Receiving Party has an affirmative obligation to notify the Producing Party if and when the Receiving Party discovers a document produced by the Producing Party that the Receiving Party reasonably believes may contain information subject to the attorney-client privilege, the joint defense privilege, and/or the work product privilege.

11.    **FILING PROTECTED MATERIAL**.  Without written permission from the Designating Party or a court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

12.    **FINAL DISPOSITION**.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must, at the option of the Producing Party, destroy or return to the Producing Party all Protected Material.  As used in this section 12, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the Producing Party (and, if different, the Designating Party) by the sixty day deadline confirming that all Protected Material was destroyed or handled as otherwise agreed and that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 4 above.

13. **MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require confidentiality protections in addition to or different from those set forth herein.

13.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 3, 2013                    NIRO HALLER & NIRO


By: */s/ Gabriel I. Opatken*

Attorneys for Plaintiff
OPLUS TECHNOLOGIES, LTD.

DATED: April 3, 2013                    GLASER WEIL FINK JACOBS HOWARD AVCHEN & SHAPIRO LLP


By: /s/ Charles C. Koole

Attorneys for Defendant
VIZIO, INC.


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 5, 2013
                                        _____
                                        The Honorable Mariana R. Pfaelzer
                                        United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| OPLUS TECHNOLOGIES, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION and VIZIO, INC.,<br><br>Defendants. | Case No. CV12-5707 MRP (E)<br><br>*Assigned to the Honorable Mariana R. Pfaelzer* |

# UNDERTAKING OF _____

I, [*insert person's name*], agree to be bound by the Stipulated Protective Order and state the following:

I have been retained by [*insert party's name*] as an expert or consultant in connection with this case. I will be receiving confidential information and Protected Materials that are covered by the Court's protective order dated [*fill in date*]. I have read the Court's Protective Order and understand that the confidential information and Protected Materials are provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's Protective Order. I agree to use the confidential information and Protected Materials solely for purposes of this case. I understand that neither the Protected Materials nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Protective Order. I agree to return the Protected Materials and any notes concerning that information to the attorney for [*insert name of retaining party*] or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that

Court's jurisdiction over me or to the propriety of venue in that Court for purposes of the enforcement of the Protective Order.

_____
(signature)